IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LA SHON POLK, | § § § | |
| Plaintiff, | § § | No. 4:19cv4998 |
| VS. | § § | Jury Trial Demanded |
| MESA AIRLINES, INC., | § § | |
| Defendant, | § | |

## COMPLAINT

Plaintiff La Shon Polk files this Complaint against Defendant Mesa Airlines, Inc.

## Parties

1. Plaintiff La Shon Polk is an individual residing in Texas.

2. Defendant Mesa Airlines, Inc. is a Nevada corporation with its main office in Arizona. Mesa Airlines, Inc. may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. In addition, there is complete diversity of citizenship.

4. Venue is proper because the events in question occurred in this District.

## Claim for Relief

5. Mesa hired Ms. Polk as a flight attendant in August 2015. Ms. Polk worked out of Intercontinental Airport in Houston.

1

6.  Ms. Polk suffered an on-the-job injury in November 2017. This injury substantially limited major life activities, including lifting, raising her arms above her shoulders, and working. Ms. Polk's doctor recommended physical therapy to treat her injuries. However, there was a lengthy dispute over Ms. Polk's claim for workers compensation benefits. During this time, Mesa assigned her to light duty positions.

7.  In January 2018, Ms. Polk learned about an opening for a supervisory position. When she expressed interest in applying for the position, Mesa told her that she could not apply because she had suffered an on-the-job injury. Mesa claimed that this was a company policy, but no one at Mesa could substantiate this claim.

8.  During this period, Ms. Polk was constantly harassed by her supervisor. Ms. Polk complained about this on multiple occasions, and on at least one occasion the HR representative agreed that Ms. Polk was being harassed. However, Mesa took no effective measures to end the harassment.

9.  In late 2018, Ms. Polk was finally approved for physical therapy through the workers compensation process. Ms. Polk began physical therapy in November 2018.

10. On March 7, 2019, the designated doctor found that Ms. Polk had a 1% permanent impairment and determined that she could return to work with no restrictions. On March 8, 2019, Ms. Polk informed her supervisor that she was being released to work without restrictions and that she wanted to return to her job as a flight attendant. Ms. Polk expected a full medical release effective March 27, 2019. Ms. Polk began preparing to return to her position.

11. On March 19, 2019, Mesa called Ms. Polk into a meeting at which Takeyon Gibbs of Mesa fired her. Mr. Gibbs said that Mesa no longer had a position for her. He continued, but in a more aggressive tone, telling her that Mesa hired her to be a flight attendant and, because she

was unable to perform her duties, that she would need to resign from the company. Mr. Gibbs demanded that Ms. Polk write a resignation letter and submit it within 30 minutes with no questions asked. Mr. Gibbs claimed (erroneously) that the doctors said that Ms. Polk could not lift more than five pounds and could not engage in overhead lifting, and that Mesa therefore no longer had a position for her. Ms. Polk tried to explain to Mr. Gibbs that he was reading the wrong document and that she was being released back to full duty without restrictions on March 27, 2019. Mesa's representatives cut her off and told her to resign immediately. Ms. Polk said, "Okie dokie, let me call my attorney to straighten this out."

12. To Mesa's dismay, Ms. Polk refused to resign. She told Mesa's representatives that they would need to terminate her if they refused to restore her to her job. In desperation, one of Mesa's representatives threatened to take the preposterous position that the "Okie dokie" was an oral resignation. Ms. Polk's supervisor told her to hand over her badge and ID, collect her personal belongings, and leave. Mesa thus terminated Ms. Polk because of her disability.

13. Ms. Polk is black. At least six other flight attendants, all of whom are white, were returned to their positions after recovering from on-the-job injuries similar to Ms. Polk's injury. In fact, in the days leading up to her termination, Ms. Polk had complained to her supervisor that black flight attendants were subjected to different appearance standards than white flight attendants.

14. Ms. Polk filed a charge of discrimination on April 22, 2019. The EEOC sent Ms. Polk a right to sue letter dated September 23, 2019. Because Ms. Polk had started working as an over-the-road driver, she did not actually receive or learn about the right to sue letter until December 2019.

15. All conditions precedent have occurred or been satisfied.

**First Claim: Disability Discrimination**

16.     Mesa denied Ms. Polk the opportunity to apply for the promotion in January 2018 because of her on-the-job injury, which was a disability.  In March 2019, Mesa terminated Ms. Polk because of her disability or because it regarded her as disabled.  Prior to that time, Mesa accommodated her disability by allowing her to work in a light duty position during the pendency of the workers compensation proceeding, when the disability limited her ability to work as a flight attendant.  However, within days after learning that she wanted to return to her position as a flight attendant, Mesa fired her because it claimed to perceive her as having physical limitations.  Mesa refused to acknowledge that Ms. Polk was cleared to work without restrictions.  Thus, Mesa denied Ms. Polk a promotion and then terminated her because either (a) she had a disability from November 2017 to March 2019, (b) she had a record of disability from November 2017 to March 2019, (c) it regarded her as disabled when she was not, or (d) it was retaliating against her for requiring an accommodation for her disability.

17.     Mesa violated the ADA and Chapter 21 of the Texas Labor Code.  Mesa is therefore liable to Ms. Polk for back pay, loss of benefits, compensatory and punitive damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

**Second Claim: Workers Compensation Retaliation**

18.     Additionally and in the alternative, Mesa discharged and discriminated against Ms. Polk because she filed a workers' compensation claim in good faith.

19.     This violated Chapter 451 of the Texas Labor Code.  Mesa is therefore liable to Ms. Polk for back pay, loss of benefits, compensatory and punitive damages, reinstatement or in the

4

alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

### **Third Claim: Race Discrimination**

20. Additionally and in the alternative, Mesa terminated Ms. Polk because of her race. On at least six occasions, Mesa reinstated white flight attendants who had suffered on-the-job injuries comparable to Ms. Polk's injury. Ms. Polk is black, and Mesa refused to reinstate her to her position.

21. Mesa violated the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and Chapter 21 of the Texas Labor Code. Mesa is therefore liable to Ms. Polk for back pay, loss of benefits, compensatory and punitive damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, Mesa should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Ms. Polk and against Mesa for back pay, loss of benefits, compensatory and punitive damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which she may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF